UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:24-mj-155-KFW |
| ) | |
| CLAUDIO MUGUEL NIN GERMAN, ) | |
| ) | |
| Defendant ) | |

### ORDER OF PROBABLE CAUSE AND ORDER OF DETENTION PENDING TRIAL

On May 28, 2024, this matter came before me for a preliminary hearing pursuant to F. R. Crim P. 5.1[1] and a detention hearing. The Defendant appeared with counsel. The Defendant has been charged in a criminal complaint with conspiracy to distribute controlled substances. *See* ECF No. 1. The Government called FBI agent Kurt Ormberg as a witness.

Probable cause is assessed based on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In the context of a preliminary hearing, "[p]robable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to entertain a reasonable belief of the accused's guilt." *Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973). *See also United States v. Hardy*, 640 F. Supp. 2d 75, 77 (D. Me. 2009). A magistrate judge must make a

---

[1] At the Defendant's initial appearance on May 10, 2024, through an interpreter, he orally and in writing waived a preliminary hearing. *See* ECF No. 8. Since that time, new counsel were retained by the Defendant. At the hearing on May 28, 2024, both parties described an intention to proceed with evidence on the issue of probable cause. Indeed, the Defendant argued at the outset of the hearing for the revelation of the identity of a co-conspirator, information from whom is described in the Complaint, to challenge the Complaint. While *Roviaro v. United States*, 353, U.S. 53 (1957) contemplates a balancing of interests to decide if an informant's identity should be revealed, I determined that such an exercise was neither required nor necessary at this stage of the proceedings. *See McCray v. Ill.*, 386 U.S. 300, 311 (The application of *Roviaro* need not be implemented in preliminary proceeding were "guilt or innocence is not at stake."). Accordingly, I proceeded with what was essentially a revisiting of the probable cause issue as described herein.

judgment that the charges are not capricious and are sufficiently supported to justify further steps in the criminal process. *Jaben v. United States*, 381 U.S. 214, 224-25 (1965).

The persuasive evidence, presented through Agent Ormberg's testimony and through the Complaint affidavit of FBI Task Force Officer Jason Leadbetter, includes, but is not limited to the following: The Defendant was staying or living in a residence in Poland, Maine which was being investigated as a drug dealing location. During a judicially authorized search of the premises, four individuals, including the Defendant, were present. Two left the trailer. Two remained for about five minutes. Narcotics were found in the trailer, and in the septic, likely having been flushed. Indeed, a co-conspirator provided information that the Defendant was seen going into the bathroom when law enforcement arrived. Guns were found in the trailer and in a vehicle owned by the Defendant. The co-conspirator provided information regarding the Defendant's alleged trafficking of large quantities of drugs into Maine, and the mechanism by which he conspired with the co-conspirator to sell drugs in Maine. A preliminary assessment of information contained on the co-conspirator's phone demonstrates communications about drug dealing with a person believed to be the Defendant. For these reasons and for the reasons detailed on the record at the conclusion of the preliminary hearing, I found that the Government met its burden to demonstrate probable cause.

Following my decision on probable cause, the hearing proceeded to the Government's Motion for Detention pursuant to the Bail Reform Act, 18 U.S.C.

§§ 3141-3156. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the preliminary and detention hearing, I found that the Government proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant and proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person or the community.

In addition to the detailed findings made on the record at the hearing, I assessed the relevant factors, and make the following findings and reach the following conclusions:

<u>The nature and circumstances of the offense charged and the weight of the evidence</u>

The evidence against the Defendant of a large scale drug trafficking conspiracy involving the influx of large quantities of controlled substances is strong as outlined above and as presented in the hearing. The Defendant is subject to a long period of incarceration if convicted.

<u>The history and characteristics of the defendant</u>

The Defendant appears to have no connections to Maine other than his demonstrated presence and possible residence in a trailer involved in the drug trade. He is a citizen of the Dominican Republic and has no legal status in the United States. He is subject to an ICE detainer and could agree to deportation to avoid criminal prosecution. Because the Defendant declined, as is his right, an interview with Pretrial Services, there is essentially no additional information

available about his background that could mitigate concerns regarding flight and danger in any fashion.

<u>The nature and seriousness of the danger to any other person and the community</u>

As noted, the investigation suggests trafficking of large quantities of very dangerous drugs into Maine from outside of Maine. Information from a co-conspirator is that the Defendant is part of a dangerous gang from New York and other parts of New England bringing drugs into Maine. The addition of guns to this mix in the Poland residence and in Defendant's vehicle heightens these concerns.

For all of the above reasons, and for the reasons detailed on the record at the conclusion of the detention hearing, I find that there is no set of conditions for release that can reasonably assure the appearance of the Defendant and reasonably assure the safety of another person or the community.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated: May 29, 2024        /s/ Karen Frink Wolf
                           United States Magistrate Judge